## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

JOANNA FLEMING,

    Plaintiff,

v.             Case No:   6:25-cv-276-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

### ORDER

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of applications for disability benefits.  Doc. No. 1.  On June 9, 2025, on the Commissioner's unopposed motion, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 17; *see also* Doc. No. 16.  Judgment was entered in favor of Plaintiff and against the Commissioner on June 11, 2025. Doc. No. 18.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 20. Plaintiff requests a total of $4,736.16 in attorney's fees under the EAJA, for 18.4 hours

of work performed by her counsel at a rate of $257.40 in 2025.[1]   *Id.* at 2, 7, 10–11.

Plaintiff also seeks recovery of the $405.00 filing fee.   *Id.*, at 1.   The Commissioner

does not oppose the motion.   *Id.* at 3.

Upon consideration, and absent any objection from the Commissioner, the

Court finds the request for fees and costs pursuant to the EAJA well taken.

Accordingly, Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 33) is

**GRANTED,** to the extent that Plaintiff is awarded a total of $4,736.16 in attorney's

fees and $405.00 in costs under the EAJA.[2]

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[1] The motion indicates that counsel of record performed work in 2024 as well as 2025, Doc. No. 20, at 6, but Plaintiff did not retain these attorneys until February 10, 2025 (Doc. No. 20-1), the action was not filed until February 20, 2025 (Doc. No. 1), and these attorneys only billed Plaintiff for hours performed in 2025 (Doc. No. 20, at 10-11).   The Court will therefore interpret the motion's indication that these attorneys performed work in 2024 as a scrivener's error.

[2] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 20, at 2; *see also* Doc. No. 20-1.   However, Plaintiff states only that "after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."   Doc. No. 20, at 2. The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.

- 3 -

Copies furnished to:

Counsel of Record